# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

HABIB ABDULKARIM,

    Plaintiff

v.

TRINITY FOOD SERVICES, et al.,

    Defendants

Case No.: 2:22-cv-2127-APG-VCF

**Order Granting Sheriff McMahill's Motion for Summary Judgment**

[ECF No. 18]

    Habib Abdulkarim was a pre-trial detainee at Clark County Detention Center (CCDC). He sues Sheriff Kevin McMahill,[1] whom he alleges is the head of the jail, because his meals at CDCC meals were almost never served hot. He alleges that this is an unsafe food handling practice that caused him to become ill. After screening, I allowed his Fourteenth Amendment claim to proceed under the theory of municipal liability against Sheriff McMahill, but only in McMahill's official capacity as the head of CCDC. ECF No. 7 at 7.

    McMahill moves for summary judgment, arguing that there is no evidence to support Abdulkarim's claims because Abdulkarim failed to respond to any discovery requests, which resulted in Abdulkarim being deemed to admit facts that are fatal to his claims. McMahill also provided evidence that CCDC follows health regulations. Abdulkarim did not oppose the motion. Because there is no evidence to support Abdulkarim's claims, I grant McMahill's motion for summary judgment.

---

[1] Abdulkarim also sued Well Path Health Care and Trinity Food Services, the healthcare and food service contractors at CCDC, respectively, but I dismissed his claims against them. ECF Nos. 7 at 7; 23.

## I. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

To support a claim for municipal liability under § 1983, a plaintiff must show that a municipal policy or custom caused his constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Instead, *Monell* liability may be based on "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). When an unwritten or informal policy is used to establish liability, it must be "so permanent and well settled as to constitute a

'custom or usage' with the force of law." *Gordon v. County of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (quotation omitted). A plaintiff must also show a direct causal link between the policy or custom and the constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

## II. ANALYSIS

McMahill argues that because Abdulkarim failed to respond to McMahill's requests for admissions, those requests are deemed admitted under Federal Rule of Civil Procedure 36(a)(3).[2] Rule 36(a)(1) states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of [discovery]." Rule 36(a)(3) states "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed" responds or objects to the matter in writing and signed.

Because Abdulkarim did not respond or object to McMahill's requests for admissions, nor provide any reason why the 30 days to respond or object should be extended, McMahill's requests are deemed admitted for the purposes of this action. These include the facts that:

- Abdulkarim has "no evidence that CCDC has failed to comply with any relevant Southern Nevada Health District Food Regulations,"
- Abdulkarim has "no evidence that Sheriff McMahill failed to adequately train any CCDC staff and/or corrections officers on how to properly handle food,"
- "Sheriff McMahill does not maintain any practice, policy, custom or scheme designed to violate [Abdulkarim's] Fourteenth Amendment rights,"
- "Sheriff McMahill has not ratified any policies, customs, practices, or schemes designed to violate [Abdulkarim's] Fourteenth Amendment rights,"
- Abdulkarim "did not suffer any damages as a result of allegedly being served improperly handled food," and
- "[T]he food [Abdulkarim] received was adequate to maintain health." ECF 18-1 at 3-4.

---

[2] McMahill also points out that Abdulkarim had notice that his failure to timely respond to the requests for admissions would result in their admission. *See* ECF No. 18-1 at 2 n.1.

Moreover, McMahill provides evidence showing that CCDC follows the Southern Nevada Health District regulation to either serve or discard food within four hours of the food being removed from temperature control. ECF Nos. 18-2 at 3; 18-3.  Because Abdulkarim has not provided any evidence to the contrary, and because the facts above are deemed admitted, there is no genuine issue of material fact left for trial.

### III.  CONCLUSION

I THEREFORE ORDER that defendant Sheriff McMahill's motion for summary judgment **(ECF No. 18) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of defendant Sheriff McMahill and against plaintiff Habib Abdulkarim, and to close this case.

DATED this 27th day of July, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE